## CICERO BAIN v. THE STATE.

CRIMINAL LAW. *Perjury. Testifying under duress. Threats.*

> A person who has wilfully sworn falsely, as a witness upon a trial, and has been indicted for perjury, cannot defend upon the ground that he so testified under fear engendered by the threats of others, the threatened danger not being imminent, impending and unavoidable.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

The case is stated in the opinion.

*Allen & McCool*, for appellant.

It cannot be the law that nothing is " duress" but a fear of being killed or receiving some serious bodily harm while testifying in court. If so, there can be no legal duress to protect a witn whose evidence is untrue, since there is not an example in all ju prudence to support such a view. Antecedent circumstances

preying on the mind of the defendant at the time he testified. His calamity placed him in agonizing fear, and hence his clean breast for the state. An improper influence may be exerted in court as well as out of it. *Serpentine* v. *The State,* 1 How (Miss.), 256. Slight expressions engendering hope or fear, will avoid the false oath. 37 Miss. 288 ; 4 Mich. 607.

The burden of showing duress rested on the defendant, and he should have had liberty to explain by *aliunde* proof. 41 Am. Rep. 296 ; 28 Minn. 426 ; 9 Gray, 109 ; 15 Ib. 495.

Improper influence once shown to exist is presumed to continue, unless lapse of time or other circumstances sufficient to dispel the influence of hope or fear have intervened, and in such case any subsequent confessions will be rejected unless they are shown to be voluntary. 1 Greenleaf Ev., § 221 ; 37 Miss. 288 ; 44 Ib. 333, 382 ; Roscoe, Crim. Ev. (7 ed.), 48.

The charges in reference to the duress of the witness should have been given. *Ellis* v. *The State,* 65 Miss. 44.

This court cannot distinguish this case from the case just cited in order to affirm the lower court. Testimony of an accomplice and an officer who promised him protection if he would testify against himself and others, must be explained by the state to be freely made, before admissible in evidence against him. 133 Mass. 403.

Where a party testifies to two opposite things, one true and the other false, he must be allowed to reconcile the contradiction. Weakness of mind rather than perverseness does not constitute perjury. 106 Mass. 291. In cases of contradictory statements, falsity must be proved by two witnesses, or one with corroboration. 68 Ala. 351 ; 74 Ib. 34.

*J. F. McCool,* for appellant, made an oral argument.

*T. M. Miller,* attorney-general, for the state.

If the accused testified to what he knew to be false, he swore wilfully, and if wilfully, then corruptly also. *Morgan* v. *The State,* S. & M. 242.

The case at bar comes clearly within that rule. This was not case of an attempt to use against the defendant confessions

made by him which were the product of hope or fear; and consequently the authorities relied on by counsel are without application. ¦ Even to justify a killing under a plea of self-defense, the defendant must show that the party slain was at the very time in the act of slaying him, really or apparently, and the threat by other persons not even present that unless he should slay another he himself would be slain, would not relieve the killing of the character of malice. It is idle to talk of threats, however serious, as justifying wilful false swearing against the life of another where the party swearing *in court* has the whole power of the state to protect him; and the court rightly held that unless the supposed duress or constraint was present in the court at the time, it was not admissible. It is no where laid down as among the defenses to prosecutions for perjury that the accused may justify his false swearing by proof that he did so to relieve himself from danger.

Inadvertence or mistake of fact are the burden thrown on defendant by proof of his false swearing to material facts. 1 Greenleaf Ev., 221; Roscoe Crim. Ev., 856; Waterman's Crim. Dig., 513. A clear case of such restraint might warrant executive clemency, but does not take it out of the established definition of perjury. But even if the threats should be treated as a defense, the proof must go further and show that the danger really existed. The law may sometimes demand martyrdom, but does not tolerate mere cowardice as a defense.

, The attorney-general also made an oral argument.

Cooper, J., delivered the opinion of the court.

The appellant has been indicted and convicted of the offense of perjury. The sole defense attempted to be proved was that appellant's life had been threatened by one Veto Dodd, unless he should go into court and testify so as to criminate himself and certain other persons who were suspected of having murdered a negro man and his wife, tenants upon the farm of Dodd. The court below excluded the evidence tendered to show the threats upon the ground that it was not proposed to be shown that the threats were made at the instant of delivery of the testimony nor in the presence of the

court in which the appellant was testifying. This ruling of the court is the foundation of the errors assigned, the assignments of error other than the first presenting the same question in different forms.

Counsel for appellant press upon our attention with apparent confidence that numerous class of cases in which the *credibility* of confessions or of testimony has been assailed and impeached by the circumstances under which the confessing person or witness spoke. We fail to perceive their application to the case at bar, in which the single question is, whether a man may justify or excuse deliberate perjury against the life and liberty of others on the ground that he was coerced to the perjury by fear engendered by the threats of others.

We are not aware that a similar question has ever been presented for decision.

We can conceive of cases in which an act, criminal in its nature, may be committed by one under such circumstances of coercion as to free him from criminality. The impelling danger, however, should be present, imminent and impending, and not to be avoided.

Such was not the character of the duress here, and the appellant was not only possessed of the power and right of protecting himself, but he also could have appealed to the law to shield him from the threatened danger.

If Dodd, by whom the threats were made, should attempt to carry them into execution, the appellant might lawfully oppose force to force, and if necessary might, in the defense of his person, lawfully slay his assailant. But if appellant feared the superior strength or courage of Dodd, he might have invoked the protection of the court.

The law has made ample provision for the protection of persons and property under precisely the circumstances named by appellant. By section 3126 of the code it is provided that "whenever complaint is made under oath by a credible person to any justice of the peace that any person has threatened to commit any offense punishable by the laws of this state against the person or property of

another, and such justice is satisfied that there is good reason to fear the commission of such offense, he may issue his warrant to arrest and bring the person complained of before himself, or some other justice of the peace, and the justice of the peace before whom such person may be brought shall examine into said charge, and if there be just reason to apprehend that such person will commit the offense, he shall be required by such justice to enter into bond or recognizance in such sum, and with such sureties, and for such time, not exceeding twelve months, as such justice may prescribe, conditioned to keep the peace towards the person against whom or whose property there is reason to fear the offense may be committed."

If default be made in giving the bond required by the justice, it is provided by section 3128 that the person so failing shall be by the officer committed to jail until the bond be given, or until the expiration of the time for which he was required to furnish such security.

The social system would be subverted and there would be no protection for persons or property if the fear of man, needlessly and cravenly entertained, should be held to justify or excuse breaches of the criminal laws of the state, and to excuse or justify the crime of perjury.

*The judgment is affirmed.*