## Ross *v.* The State.

[No. 21,009.   Filed November 26, 1907.]

1. CRIMINAL LAW.—*Defenses.*—*Duress.*—The danger necessary for justifying the commission of an act which otherwise would constitute a crime, must be present, imminent, impending, unavoidable, and must subject the person committing the act to death or grievous bodily harm upon his refusal to commit such act. p. 390.

2. EVIDENCE.—*Duress.*—*Criminal Law.*—*Arson.*—Evidence of accused's mental weakness, want of will power and threats, unconnected with other proof, is not admissible to prove duress sufficient to justify the burning of a dwelling, otherwise constituting arson. p. 392.

3. SAME. — *Duress.* — *Threats.*—*Criminal Law.*—*Arson.*—Evidence that a short time before the burning of a dwelling, by the accused,

a third person drew his revolver and threatened to kill the accused, "thereby putting her in fear at the time," unconnected with other evidence, is inadmissible to show that accused acted under duress in setting fire to such dwelling. p. 392.

4. EVIDENCE.—*Offers of Proof.—Relevancy.*—In disclosing the facts to show the relevancy of proposed evidence, facts and not conclusions must be stated. p. 392.

5. SAME.—*Offers of Proof.—Relevancy.—Discretion of Court.*—The trial court has the discretionary right to refuse evidence the relevancy of which has not been established by the admitted evidence, until the connecting evidence has been introduced. p. 393.

From Tipton Circuit Court; *J. F. Elliott*, Judge.

Prosecution by the State of Indiana against Abbie Ross. From a judgment of conviction, defendant appeals. *Affirmed.*

*L. B. Nash* and *E. T. Teter*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, E. M. White, H. M. Dowling* and *E. E. Daniels*, Prosecuting Attorney, for the State.

MONKS, C. J.—Appellant was convicted of the crime of arson, under §2260 Burns 1908, Acts 1905, pp. 584, 665, §371.

The only error assigned is that the court erred in overruling the motion for a new trial. The only causes for a new trial not waived call in question the action of the court in refusing to admit certain evidence offered by appellant. We need set out only two of these offers to determine all the questions presented by appellant. During the progress of the trial counsel for appellant, after asking a question to which the State objected, made the following offer to prove: "We offer to prove by this witness that he was acquainted with the defendant's mental condition at the time of the commission of the alleged offense, and that she was weak in will power, easily persuaded, timid and shy. We offer to show this, not for the purpose of proving the unsoundness of mind on the part of this defendant, but to show that she acted under duress at the time of the com-

mission of the alleged offense." Appellant afterwards
made the following offer to prove in answer to a question
to which the State had objected: "Now the defendant'
offers to prove in response to such question that a short
time prior to the commission of the alleged offense, Silas
Ray drew a revolver on this defendant and threatened to
kill her, thereby putting her in fear at the time."

It is said in Gillett, Crim. Law (2d ed.), §7: "As to the
necessity which excuses a criminal act, it must be clear and
conclusive, and must arise without the negligence or
fault of the person who insists upon it as a defense.
The alternative presented must be instant and immi-
nent, and there must be, if not a physical, at least a moral,
necessity for the act. [The Argo (1812), 1 Gall. 150, Fed.
Cas. No. 516.] * * * If a person is compelled to commit
a crime by threats of violence sufficient to induce a well-
grounded apprehension of death or serious bodily harm, in
case of refusal, this excuses him." In Stephen, Digest of
Crim. Law (5th ed.), Art. 32, it is said: "An act which
if done willingly would make a person a principal in the
second degree or an aider and abetter in a crime, may be
innocent if the crime is committed by a number of offend-
ers, and if the act is done only because during the whole
of the time in which it is being done, the person who does
it is compelled to do it by threats on the part of the offend-
ers instantly to kill him or to do him grievous bodily harm
if he refuses; but threats of future injury, or the com-
mand of any one not the husband of the offender, do not
excuse any offense." Again in McCoy v. State (1887), 78
Ga. 490, the court says: "It must be obvious to the de-
liberate judgment of every reflecting mind that much less
freedom of will is requisite to render a person responsible
for a crime than to bind him by sale or other contract. To
overcome the will so far as to render it incapable of con-
tracting a civil obligation, is a mere trifle compared with
reducing it to that degree of slavery and submission which

will exempt from punishment.'' See 1 Bishop, Crim. Law
(8th ed.), §§346-355; 1 Wharton, Crim. Law (10th ed. by
Lewis), §94; 1 Russell, Crimes (8th Am. ed.), *17, *18;
Clark & Marshall, Crim. Law (2d ed.), §83; 12 Cyc. Law
and Proc., 161; 1 McClain, Crim. Law, §§136, 137; *People
v. Repke* (1895), 103 Mich. 459, 61 N. W. 861; *Thomas* v.
*State* (1901), 134 Ala. 126, 33 South. 130; *Arp* v. *State*
(1893), 97 Ala. 5, 12 South. 301, 19 L. R. A. 357 and notes,
38 Am. St. 137; *Leach* v. *State* (1897), 99 Tenn. 584, 42
S. W. 195; *State* v. *Fisher* (1900), 23 Mont. 540, 59 Pac.
919; *Bain* v. *State* (1890), 67 Miss. 557, 7 South. 408;
*State* v. *Nargashian* (1904), 26 R. I. 299, 58 Atl. 953, 106
Am. St. 715 and notes pp. 721-728; *Burns* v. *State* (1892),
89 Ga. 527, 15 S. E. 748; *Beal* v. *State* (1883), 72 Ga. 200;
*Rizzolo* v. *Commonwealth* (1889), 126 Pa. St. 54, 17 Atl.
520; *Respublica* v. *M'Carty* (1781), 2 Dall. (Pa.) 86;
*United States* v. *Vigol* (1795), 2 Dall. (U. S.) 346, 1 L. Ed.
409, Fed. Cas. No. 16,621; *United States* v. *Haskell* (1823),
4 Wash. C. C. 402, Fed. Cas. No. 15,321. In *Bain* v. *State,
supra,* it was held, that a person on trial for perjury can-
not defend on the ground that his false testimony was
given under fear engendered from threats against his life
before going to court, and the court said: ''We can con-
ceive of cases in which an act, criminal in its nature, may
be committed by one under such circumstances of coercion
as to free him from criminality. The impelling danger,
however, should be present, imminent and impending, and
not to be avoided.'' In *Burns* v. *State, supra,* it was said
in the syllabus: ''The danger must not be one of future
violence, but of present and immediate violence at the time
of the commission of the forbidden act. Thus, where the
forbidden act is perjury by a witness at a coroner's inquest,
the danger of death or dismemberment at some future time,
in the absence of all danger at the time of testifying, will
not excuse.''

It is manifest that the evidence of appellant's mental

weakness and want of will-power, and threats of Ray, stated in said offers, would not be admissible as independent testimony to prove the kind of compulsion or coercion essential to free her from criminality in setting fire to and burning said dwelling-house.

There was nothing in the second offer to prove that indicated that the act of Ray in drawing his revolver on appellant and threatening to kill her, as stated in said offer, had anything whatever to do with her committing the crime charged. *Lawson & Swinney* v. *State* (1852), 20 Ala. 65, 56 Am. Dec. 182, 185; *Leverich* v. *State* (1886), 105 Ind. 277, 280; *Osburn* v. *State* (1905), 164 Ind. 262, 271-273. The rule is that where the relevancy of the evidence offered is not apparent or is apparently irrelevant, but other facts make it relevant, it is the duty of the party offering it to state its connection with such other facts and promise to make proof thereof in order that its relevancy may be disclosed to the court.

In disclosing the facts which he promises to introduce to establish the relevancy of the evidence offered, the facts themselves should be stated, and not the conclusion of the person making the offer to prove. 1 Elliott, Evidence, §191; 2 Elliott, Gen. Prac., §576; 9 Ency. Evidence, 171-173; *Browning* v. *Hight* (1891), 78 Ind. 257; *Curry* v. *Bratney* (1867), 29 Ind. 195; *Heady* v. *Brown* (1898), 151 Ind. 75, 77, 78; *Lewis* v. *Lewis* (1868), 30 Ind. 257; *Chamness* v. *Chamness* (1876), 53 Ind. 301, 303; *Grover & Baker Sew. Mach. Co.* v. *Newby* (1877), 58 Ind. 570; *Baker* v. *Lessee of Swan* (1869), 32 Md. 355; *Boland* v. *Louisville, etc., R. Co.* (1894), 106 Ala. 641, 18 South. 99; *Ashley's Admr.* v. *Robinson* (1856), 29 Ala. 112, 65 Am. Dec. 387, 389; *Abney* v. *Kingsland & Co.* (1846), 10 Ala. 355, 44 Am. Dec. 491, 493, and cases cited; *Lawson & Swinney* v. *State, supra; Bendernagle* v. *Cocks* (1838), 19 Wend. (N. Y.) *207.

As was said in 2 Elliott, Gen. Prac., §576: "Such

evidence ought to be rejected unless the party offering it states how he expects to make it relevant, and promises to introduce the proper evidence to make it so."

It is within the discretion of the trial court, however, to require the connecting evidence to be first introduced. *Nordyke* v. *Shearon* (1859), 12 Ind. 346. Even if said offered evidence could have been made relevant by proof of other facts, a question we need not and do not decide, as counsel for appellant did not state how he expected to make said offered evidence relevant or promise to introduce other evidence to make it so, under the authorities above cited, the court did not err in excluding the same. The other offers to prove, made by appellant, were open to the same objection, and the court did not err therefore in rejecting the evidence.

Judgment affirmed.