## HENRY et al. v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4957.

1. Conspiracy ⬤ 43(10)—Indictment for conspiracy to procure fraudulent bail bonds, by procuring surety having property of much less value than liability on bond, held to charge "conspiracy to defraud United States" (Penal Code, § 37 [Comp. St. § 10201]).

Indictment charging conspiracy to procure execution and approval of fraudulent bail bonds for persons convicted of violating federal penal laws, by procuring surety thereon having property of much less value than liability on bond *held* to charge conspiracy to defraud United States, under Penal Code, § 37 (Comp. St. § 10201), notwithstanding conspiracy was not intended to cheat government out of property or money; it being sufficient that conspiracy interfered with or obstructed lawful governmental functions by deceit, craft, or trickery.

*Rehearing denied January 31, 1927.

2. **Conspiracy** &⟶43(4)—**Allegation of indictment that defendants knowingly caused bail bonds to be approved by federal commissioner by implication charged them with knowledge that there was a federal commissioner and knowledge of his function and authority to approve bail bonds (Penal Code, § 37 [Comp. St. § 10201]).**

In prosecution for conspiracy to defraud United States, under Penal Code, § 37 (Comp. St. § 10201), allegation of indictment that defendants knowingly caused fraudulent bail bonds to be approved by United States commissioner by necessary implication charged defendants with knowledge that there was a federal commissioner and knowledge of his function and authority to approve bail bonds, and was not defective in failing to allege that defendants knew that person who approved bonds was United States commissioner, or was acting as such.

3. **Criminal law** &⟶178.

Prosecution under second indictment, which remedied defect in prior indictment on same facts, discharged for insufficiency, did not place defendants twice in jeopardy for same offense.

4. **Courts** &⟶337—**State statute requiring discharge of defendant, where indictment is dismissed for insufficiency, does not apply to federal courts (Pen. Code Cal. § 1008).**

Pen. Code Cal. § 1008, requiring discharge of defendant where indictment is dismissed for insufficiency, unless court directs resubmission of case to another grand jury, does not apply to prosecutions in federal courts.

In Error to the District Court of the United States for the Southern Division of the Southern District of California.

Gustave Henry and another were convicted of conspiracy to defraud the United States, and they bring error. Affirmed.

Buel R. Wood, of Los Angeles, Cal., for plaintiffs in error.

Samuel W. McNabb, U. S. Atty., and James E. Neville, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

GILBERT, Circuit Judge. The plaintiffs in error were convicted under an indictment charging them with a conspiracy to defraud the United States, in violation of section 37 of the Federal Penal Code (Comp. St. § 10201). They contend that the indictment is insufficient to charge an offense against the laws of the United States. It charges a conspiracy to procure the execution of fraudulent bail bonds for persons under arrest charged with violation of penal laws of the United States, in that they conspired to procure certain named persons to· join as sureties in the execution of bail bonds to obtain

release from custody and confinement of such persons so charged, and alleges that one Etta Schoonover was the owner of no property, except an equity of redemption in a certain described lot in Los Angeles, which said equity was at no time of a greater value than $1,000; that it was a part of the conspiracy to procure her to become a surety on bail bonds upon which her liability should greatly exceed the value of the property owned by her, and that defendants should cause each of said bail bonds to be approved by the United States commissioner for the Southern district of California at Los Angeles, and filed with either the said commissioner or with the clerk of the District Court of the United States for that district, and that the defendants should obtain and cause the release from confinement by the United States marshal for said district of the persons for and in whose behalf each of said bail bonds should be given, and against whom prosecutions should be pending for violations of the various penal laws of the United States, although they well knew that the said Etta Schoonover owned no real property, except said equity of redemption, and was not worth the amounts for which on each or any of the bonds she became liable to the United States, and knew that, in case any ·of the persons in whose behalf the said bail bonds were given should default thereon, said Etta Schoonover would be unable to pay the United States and the United States would be unable to collect from her the principal sum of any such defaulted bail bonds.

The indictment proceeded to specify that it was a part of the conspiracy that said Etta Schoonover should become surety on a $3,000 bond conditioned for the appearance of J. L. Rick before said United States commissioner for examination as to criminal charges then and there pending against him, and made similar allegations as to other bail bonds executed in various sums ranging from $2,000 to $5,000. It was alleged as a part of the conspiracy that said sureties should subscribe an oath that they were householders and were worth the sum set forth in each of the said bail bonds, whereas the defendants well knew that said Etta Schoonover was not worth the sum of any of the said bail bonds. The indictment charged overt acts committed in carrying out such conspiracy.

[1] We are unable to see wherein the indictment is defective. It contains every element of the offense charged and sufficiently apprises the defendants of what they must be prepared to meet. They admit that, if "in-

solvent" sureties had been caused to execute worthless bail bonds, and persons charged with crime had been released by means thereof, an offense against the laws of the United States would have been charged. That admission carries with it by necessary inference the admisison that, if the sureties, although not insolvent, were yet unable to pay any of the sums for which they had become obligated, the indictment would be sufficient. As charged, it was a conspiracy to defraud the United States, notwithstanding that it was not its purpose to cheat the government out of property or money. It was sufficient if its purpose was "to interfere with or obstruct one of its lawful governmental functions by deceit, graft, or trickery." Hammerschmidt v. United States, 265 U. S. 182, 44 S. Ct. 511, 68 L. Ed. 968.

[2] It is contended that it was error to receive in evidence the bonds so procured to be executed by the defendants, for the reason, it is said, that there was no allegation in the indictment that the defendants knew that Stephen G. Long was a United States commissioner, or was acting as such. As well might they have objected that there was absence of proof that the defendants knew that the instruments which they caused the sureties to sign were bail bonds. There was but one United States commissioner in the Southern district of California, at Los Angeles, and there was but one clerk of the United States District Court for that district. The allegation that the defendants knowingly caused each of said bonds to be approved by the United States commissioner by necessary implication charged them with knowledge that there was a United States commissioner, and knowledge of his function and authority to approve bail bonds. It was not necessary to repeat the averment of knowledge as to each act charged. United States v. Nathan (D. C.) 61 F. 936; United States v. Clark (C. C.) 37 F. 106; United States v. Mitchell (C. C.) 141 F. 671.

[3, 4] A former indictment against the same defendants on the same state of facts having been dismissed on demurrer, it is insisted that to prosecute the defendants under the second indictment was to place them twice in jeopardy for the same offense. The contention is wholly without merit. The first indictment was dismissed for its failure to allege that the sureties were not in fact worth the amount of each of the bonds signed by them at the time of their signature. That defect was remedied in the indictment upon which the case went to trial. But, say the defendants, section 1008 of the Penal Code of California requires that in such a case the accused shall be discharged, unless the court directs the case to be submitted to the same or another grand jury, and in the present case there was no such order of the court. But the California statute has no place in the determination of such a question in a federal court. United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333; United States v. Bopp (D. C.) 232 F. 177.

The judgment is affirmed.