### Esiquiel Servina v. The State.

No. 11424.  Delivered March 7, 1928.

Rehearing denied April 25, 1928.

**1.—Rape—Indictment—Name of Defendant—May Be Corrected.**

Where, on a trial for rape, there was no error in refusing to quash the indictment on the ground that appellant's name was incorrectly set forth. Appellant failed and refused to suggest his correct name. If he had done so the indictment might have been corrected in accord with the provisions of Art. 495, C. C. P. Following Gonzales v. State, 226 S. W. 405.

**2.—Same—Challenge of Juror—For Cause—No Error Shown.**

Where appellant complains of the refusal of the court to sustain his challenge of the juror Davis, for cause, and it is not shown by his bill that he had exhausted his challenges, at the time, nor that said juror served on the jury, and it further appears that the court offered to give appellant two additional challenges, after he had exhausted his peremptory challenges, which he refused, the bill fails to manifest error.

**3.—Same—Charge of Court—On Issue Not Raised—Properly Omitted.**

Where, on a trial for rape, appellant excepted to the court's charge for its failure to embrace an instruction covering the provisions of Art. 38, P. C., on duress, and under the facts such a charge was not called for, no error appears in its omission.

**4.—Same—Confession of Accused—Exculpatory Statements—Immaterial.**

Where the state did not rely for a conviction upon appellant's confession, but used the confession in cross-examining him to rebut his testimony that he had not raped the injured party, there was no error in refusing to charge the jury that the state was bound by the exculpatory statements in said confession.

**5.—Same—Charge of Court—On Duress—Not Demanded by Facts.**

On rehearing, appellant contends that the refusal of the court to instruct the jury on the law of duress, under Art. 38 of the Penal Code, was error. That appellant acted together with one Rodriguez in the commission of the crimes of robbery and rape, was shown beyond question, and the state's testimony established that appellant also ravished the young lady assaulted. Evidence of such duress as would exculpate him was absent, the rule being that "if, after the danger passes, he continues to consent, advise, aid, abet or assist in such act, he is as guilty as if such danger had never threatened him." See Wharton on Homicide, p. 68. Also see Dodd v. State, 83 Tex. Crim. Rep. 165, and other cases cited in rehearing opinion.

**6.—Same—Continued.**

In Wharton's Criminal Law (Kerr's 11th Ed.), it is said, with reference to duress: "But to be available as a defense, the fear must be well-founded, and immediate actual danger of death or great bodily harm must be present, and the compulsion must be of such a character as to leave no opportunity to accused for escape or self-defense in equal combat." See Carlisle v. State, 37 Tex. Crim. Rep. 108, and other cases cited in opinion on rehearing.

**7.—Same—Instructed Verdict—Properly Refused.**

Where, on a trial for rape, the claim of appellant that he ravished prosecuting witness under the duress of one Rodriguez, would not entitle him to an instructed verdict of acquittal.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. S. Anderson, Judge.

Appeal from a conviction for rape, penalty assessed at death. The opinion states the case.

*Grover C. Morris* and *M. C. Gonzales* of San Antonio, for appellant.

*Lamar Seeligson,* District Attorney; *Bernard Ladon,* Assistant District Attorney of San Antonio, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape, the punishment death.

The state's testimony was, in substance, as follows: On the night of April 20, while John M. Shaw and Frances Mohrmann were driving in an automobile in the city of San Antonio, appellant and one Rodriguez jumped on the running board of the car, placed pistols in their faces and ordered them to continue moving. Upon reaching some brush, appellant and his companion tied Mr. Shaw's hands back of him, placed him and Miss

Mohrmann in the rear seat of the car and Rodriguez drove the car seventeen miles into the country, while appellant held a pistol on the parties. Upon reaching some brush, the assailants ordered the parties out of the car, and Rodriguez took Mr. Shaw into a field while appellant remained with Miss Mohrmann. While Rodriguez was in the field with Mr. Shaw, appellant held a pistol on Miss Mohrmann, robbed her of her jewelry, and raped her. Leaving Mr. Shaw in the field, Rodriguez returned and also ravished the young lady. After the injured female had been ravished by Rodriguez, appellant repeated his assault. Completing the act, appellant held a pistol on her while Rodriguez further violated her. Appellant and his companion then placed the injured party in the automobile and carried her to a point within seven and three-tenths miles of San Antonio, where she was tied and gagged and removed from the car. Appellant struck her, knocking her to the ground. Leaving her alone, Miss Mohrmann's assailants drove away in the car. In order to reach San Antonio, Miss Mohrmann was compelled to walk seven and three-tenths miles. In addition to raping her, appellant and his companion took from the injured party five rings, a string of pearls and a wrist watch.

Appellant testified that Rodriguez told him that he would have to aid him in assaulting the car; that as Rodriguez had a gun, "he made me do it;" that Rodriguez tied Mr. Shaw and took him into the field while he, appellant, remained with Miss Mohrmann; that he, appellant, at no time ravished Miss Mohrmann, but that Rodriguez made an attack on her; that after Rodriguez had mistreated her he stated to appellant, "Now you got to use her;" that he demurred and that Rodriguez pointed his gun at him and told him he had to do it or he would kill him; that he did not have sexual intercourse with the injured party, but only made motions as if he were engaged in such act; that he only got a "little close" to her but did not get on top of her; that at the time Rodriguez was about five or six steps from him and had a pistol in his hand; that he had gone with Rodriguez on the expedition in question under the orders of Rodriguez; that he went with him because he threatened to kill him; that he did not carry a pistol.

Appellant made a motion to quash the indictment on the ground that his name was incorrectly set forth, alleging that his name was Esiquiel Serbin. This afforded no ground for quashing the indictment. It was suggested to appellant at the time the motion was presented that he might suggest his correct name. According to the qualification appended to the bill

of exception, appellant failed and refused to suggest his correct name. If he had done so the indictment might have been corrected in accordance with the provisions of Ar⁴. 496, C. C. P.; Gonzales v. State, 226 S. W. 405.

Bill of exception No. 1 complains of the action of the court in refusing to sustain the challenge for cause to the juror Davis. The juror testified on his voir dire examination that he had formed an opinion from reading newspapers and that it would require evidence to remove such opinion. He further stated that he would lay aside his opinion and render a verdict according to the sworn testimony and the charge of the court. It is not shown by the bill that appellant had exhausted his challenges at the time. Neither is it shown that the juror served on the jury. It is stated in the bill that appellant was thereafter forced to exhaust his challenges before the jury was empaneled with the result that he was required to take jurors whom he would not otherwise have taken. In qualifying the bill the court states that at the suggestion of the District Attorney appellant was offered two additional challenges after he had exhausted his peremptory challenges and that appellant refused to accept the offer. The bill fails to manifest error.

Bill of exception No. 3 is in the same attitude as the foregoing bill.

Appellant timely excepted to the court's charge for its failure to embrace an instruction covering the provisions of Art. 38, P. C. Under the evidence and in the light of the charge given the overruling of said objection was not error.

Appellant lodged an exception to the court's charge on the ground that the jury should have been instructed that they were bound by "the inculpatory and exculpatory statements" contained in his confession. The state did not rely for a conviction upon appellant's confession. It appears that the statements contained in said confession were used by the state, in cross-examining appellant, to rebut his testimony to the effect that he had not raped the injured party. Under such conditions it was not error to omit from the charge the instruction contended for by appellant. Marshall v. State, 286 S. W. 214.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant contends that the refusal to instruct the jury on the law of duress was error. Art. 38 of the Penal Code, 1925, reads as follows:

"A person forced by threats or actual violence to do an act is not liable to punishment for the same. Such threats, however, must be—

"1. Loss of life or personal injury.

"2. Such as are calculated to intimidate a person of ordinary firmness.

"3. The act must be done when the person threatening is actually present.

"The violence must be such actual force as restrains the person from escaping, or such ill-treatment as is calculated to render him incapable of resistance."

Touching the subject of duress, Mr. Wharton, in his work on Homicide, p. 68, after stating that in order to amount to duress the act or threat must portend immediate injury in the event the party threatened refuses to aid in the criminal act, says:

"But, if after the danger passes, he continues to consent, advise, aid, abet or assist in such act, he is as guilty as if such danger had never threatened him."

The principle stated is approved in Howard v. State, 92 Tex. Crim. Rep. 232; Welk v. State, 99 Tex. Crim. Rep. 239.

From the appellant's testimony it appears that upon the invitation of Rodriguez, the appellant accompanied him at night "to make money;" that they observed an automobile upon one of the streets of the city of San Antonio and Rodriguez proposed to assault the people that were in it. Appellant demurred and Rodriguez, being possessed of a pistol at the time, commanded the appellant to assist, threatening to kill him if he refused. The parties in the car were assaulted by both the appellant and Rodriguez. Rodriguez tied Shaw, and the appellant remained alone at the car. After tying Shaw, Rodriguez made him and the girl get on the back seat. Rodriguez and the appellant rode on the front seat of the car, which was driven by Rodriguez about thirteen miles into the country. Rodriguez then took Shaw out of the car and took him to one side while the appellant remained at the car with the girl. After taking Shaw away and tying him, Rodriguez came back to the car and raped the girl while the appellant was standing by. He then commanded the appellant to do likewise, threatening to kill him in case he refused to do so. According to his testimony, appellant only

pretended to rape the girl. That he did in person ravish her the state's evidence is direct and cogent. The appellant admitted that he robbed the girl and testified that she was raped twice by Rodriguez, he taking her into the brush for the purpose.

On the face of the testimony, the acts of Rodriguez, as well as those of the appellant, are chargeable to him unless he was under duress. Under the indictment, he might have been convicted for the rape of the prosecutrix committed by Rodriguez. See Dodd v. State, 83 Tex. Crim. Rep. 165; Campbell v. State, 63 Tex. Crim. Rep. 595; Williams v. State, 42 Tex. Crim. Rep. 392; Bell v. State, 1 Tex. Crim. App. 598, and other cases cited in Branch's Ann. Tex. P. C., p. 344, Sec. 676. Unless the appellant, at the time the girl was raped by Rodriguez, was in danger such as is contemplated in the statute, he would not under the law be exculpated. In Wharton's Criminal Law (Kerr's 11th Ed.), Sec. 383, it is said:

"But to be available as a defense, the fear must be well-founded, and immediate and actual danger of death or great bodily harm must be present, and the compulsion must be of such a character as to leave no opportunity to accused for escape or self-defense in equal combat."

See also Carlisle v. State, 37 Tex. Crim. Rep. 108; Arp v. State, 97 Ala. 5, 19 L. R. A. 357; Baxter v. People, 8 Illinois, 368; Leach v. State, 99 Tenn. 584, 42 S. W. 195; Rizzolo v. Com., 126 Pa. 54, 17 Atl. 520; Paris v. State, 35 Tex. Crim. Rep. 82.

The appellant was not entitled to have the jury instructed to acquit him if he committed the rape upon the prosecutrix under the duress of Rodriguez.

The motion for rehearing is overruled.

*Overruled.*