## THOMPSON v. UNITED STATES.
### No. 5924.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1930.

Scott Russell, of Macon, Ga. (Jones, Jones, Johnston & Russell, of Macon, Ga., on the brief), for appellant.

W. A. Bootle, U. S. Atty., of Macon, Ga. (Fred W. New, Asst. U. S. Atty., of Macon, Ga., on the brief), for the United States.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

Appellant was convicted of the unlawful transportation by automobile of intoxicating liquor which the indictment alleged was intended for beverage purposes, in violation of the National Prohibition Act (27 USCA).

That the liquor was being transported as alleged is undisputed, but the proof relied on by the government was discovered only upon a search of the automobile. As appellant was driving a Cadillac automobile along a main highway, he was halted by two prohibition officers, who then proceeded to make a search of the automobile, and upon such search found that it contained nine quarts of whisky. Neither of the officers had a search warrant. One of them testified that previously on the same day he had stopped a Buick sedan which was also traveling north and was heavily loaded; the driver of the Buick, upon request, consented that it be searched, but stated that it contained no liquor, and volunteered the information that there were five cases of liquor in a Cadillac automobile, of which he gave a detailed description, which he said he had seen down the road to the south at Tifton. This officer said he was convinced from his appearance, manner, and conversation that the man in the Buick was worthy of belief, and therefore allowed him to proceed on the journey without making any search of his car; that he and his fellow officer then laid in wait for the Cadillac which had been described to them, and which as it approached he recognized from the description that had been given; that as it passed he and the other officer followed in their car; that the Cadillac passed them at a speed of about fifty miles per hour, but which, after passing, was immediately increased to seventy-five miles per hour; and that he caught up with it after a chase of about four miles.

The contentions of appellant are that the search and seizure without a search warrant

violated his rights under the Fourth Amendment, and·that the liquor being transported was not shown by any of the evidence to be intended for beverage purposes.

We are of opinion that probable cause for the search was shown by the testimony. In Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, it is said that a search without a warrant is made upon probable cause if there exist a belief "reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." The information which the prohibition officer testified he received from the driver of the Buick car was sufficient to justify a reasonably prudent officer in the belief that appellant was unlawfully transporting intoxicating liquor. And the apparent attempt of appellant to escape would naturally confirm that belief. Whether the testimony of the prohibition officer is true was a·question for the jury·to decide. The case of Emite v. United States (C. C. A. Tex.) 15 F.(2d) 624, relied on by appellant, is not in point; for there the information on which the officers purported to act was neither convincing nor reliable, but was based upon mere rumor.

The burden was not on the government to prove that the intoxicating liquor being transported was intended for beverage purposes. Possession of liquor by any person not legally permitted by the National Prohibition Act to possess it is prima facie evidence that such liquor is kept for the purpose of being sold or otherwise disposed of in violation of law, 27 USCA § 50; and so the burden was on appellant to show that he had obtained a permit to transport liquor, 27 US CA § 16.

The judgment is affirmed.