## SHANNON v. UNITED STATES (two cases).
### Nos. 1157, 1158.

Circuit Court of Appeals, Tenth Circuit.
March 22, 1935.

Glover C. Johnson, of Fort Worth, Tex. (McLean, Scott & Sayers, Joe S. Moss, of Lufkin, Tex., and Burch & Woodruff, of Decatur, Tex., on the brief), for appellants.

George E. Massey, Jr., Asst. U. S. Atty., of Oklahoma City, Okl. (William C. Lewis, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is a prosecution for a conspiracy to kidnap, transport the kidnapped person in interstate commerce and hold him for ransom in violation of the Act approved June 22, 1932, 47 Stat. 326, see 18 USCA §§ 408a to 408c. Albert Bates; Harvey J. Bailey; George R. Kelly and wife, Kathryn Thorne Kelly; R. G. Shannon and wife, Ora L. Shannon; Armon Shannon; Charles Wolk; Sam Kronick; Edward Berman; Peter Valder; Sam Kozberg; Clifford Skelly; and Isadore Blumenfeld were indicted jointly. The indictment charged that in July, 1933, they knowingly, willfully, unlawfully, and feloniously conspired together and with each other to kidnap Chas. F. Urschel at Oklahoma City, transport him in interstate commerce to the Shannon ranch in Texas, and there hold him in concealment for payment of a ransom of $200,000. Thirteen overt acts were set forth. Those charged against R. G. Shannon and Ora L. Shannon were that after the victim reached their ranch in Texas, they and other named coconspirators blindfolded, shackled, and concealed him, and that they later chained, shackled, handcuffed, and concealed him at the nearby residence of Armon Shannon pending demand and receipt of the ransom. Bates, Bailey, the Shannons, Berman, and Skelly were found guilty. Kronick, Kozberg, Blumenfeld, Wolk, and Valder were acquitted. The Kellys had not been apprehended at

that time. Bailey took a separate appeal and his conviction was affirmed. Bailey v. U. S. (C. C. A.) 74 F.(2d) 451. R. G. Shannon and Ora L. Shannon perfected this appeal.

Appellants demurred to the indictment on the ground that it failed to allege that the overt acts done by them in furtherance of the conspiracy were committed knowingly. It was charged in conventional manner that they and the others named did knowingly combine, confederate, and agree to commit the offense. The demurrer admitted all matters well pleaded and that included the charge that they knowingly entered the conspiracy. It being specifically charged and admitted that they did so, there was no necessity to allege afresh that each overt act committed in furtherance of the unlawful agreement was done with knowledge. In other words, repetition of the averment of knowledge was not required. If they knowingly went into the conspiracy, it is difficult to conceive how they subsequently committed acts in furtherance of its accomplishment without knowledge. To repeat the allegation of knowledge would approach tautology. United States v. Mitchell (C. C.) 141 F. 666; Henry v. United States (C. C. A.) 15 F.(2d) 624.

The demurrer attacked the indictment on the further ground that it appeared from the face thereof that the overt acts charged against appellants were done after transportation of the abducted person in interstate commerce ceased, that is, after he reached the ranch in Texas, and that therefore they were unrelated to the charged conspiracy. The same question was presented by a demurrer to the evidence, by a requested instruction, and by a motion in arrest of judgment. The contention thus advanced at the several stages of the trial and renewed here rests upon an unduly restricted conception of the breadth of the statute and of the conspiracy laid in the indictment. The act makes it an offense to knowingly transport, cause to be transported, or aid and abet in the transportation of a kidnapped person in interstate commerce and hold him for ransom or reward. It is further provided that if two or more persons conspire, confederate, and agree to do the enumerated things and then commit an overt act to render such agreement effectual, they shall be punished. The substantive offense consists of two constitutent elements. They are transporting an abducted person in interstate commerce and holding him for

ransom or reward. Transportation in interstate commerce is an essential element, but the other is a constituent ingredient. Holding the victim for ransom after movement in interstate commerce ceases is a continuing element. Ordinarily the object of such an offense is the collection of ransom money and its exchange for other money, hence detaining the victim until payment of the ransom is essential. The conspiracy charged in the indictment embraced both elements, it being specifically alleged that the agreement had for its object and purpose the act of kidnapping at Oklahoma City, that of transporting the abducted person in interstate commerce to Texas, and that of holding him there for the ransom. If appellants knowingly joined the conspiracy while he was being held there and did the alleged affirmative acts in fulfillment of such purpose, they became coconspirators equally guilty of the offense charged in the indictment, even though the transportation in interstate commerce had terminated. Lew Moy v. United States (C. C. A.) 237 F. 50; Murray v. United States (C. C. A.) 10 F.(2d) 409; Wilkerson v. United States (C. C. A.) 41 F. (2d) 654; Loftus v. United States (C. C. A.) 46 F.(2d) 841; Dowdy v. United States (C. C. A.) 46 F.(2d) 417; Parnell v. United States (C. C. A.) 64 F.(2d) 324. Without detailing the evidence, we think it abundantly established the overt acts charged. Appellants sought to exculpate themselves, but the jury was not required to believe their explanations. The court, therefore, rightly held the indictment invulnerable to the attack and the evidence sufficient to take the case to the jury.

Complaint is made of the refusal of the court to give requested instructions numbered 10, 11, and 16, each stating in substance but in different phraseology that appellants should be acquitted if they acted under coercion, that is, through fear of suffering death or serious bodily injury if they refused to do the acts charged against them. They contended that Kelly and Bates threatened them and that was the source of their fear. Kelly and Bates kidnapped Urschel at his residence in Oklahoma City on Saturday night and reached the residence of appellants with him Sunday afternoon. They kept him there blindfolded and under guard until about dusk Monday evening. They then removed him to the residence of Armon Shannon, son of R. G. Shannon and stepson of Ora L. Shannon, situated about three-fourths of a mile away on land owned by the father. He was kept there blindfolded,

chained, handcuffed, and guarded until the following Monday—after payment of the ransom. Bates left there on Tuesday. Armon assisted in guarding the victim and providing their meals during that period. Appellant R. G. Shannon and Kathryn Thorne Kelly took a jug of crushed ice to them on Wednesday night. Kelly remained there until Friday. He then left, collected the ransom of $200,000 at Kansas City, and returned on Monday with Bates. Throughout his absence appellant R. G. Shannon and Armon guarded the victim and provided for his needs. Appellant Ora L. Shannon cooked a special chicken dinner for her husband and stepson and their victim on Sunday and took it to them. There is no testimony in the record that any threat was made against either of appellants until Friday. Kelly and Bates then threatened them if they betrayed the scheme. It thus appears that they were not threatened during the time Kelly, Bates, and Urschel were in their residence on Sunday and Monday or prior thereto; also, that a part of the overt acts committed by them thereafter occurred while Kelly and Bates were not present, when appellants had full opportunity to cease their participation in the offense and if necessary seek protection from the officers of the law. Instead, they cooperated in full measure. Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury. Ross v. State, 169 Ind. 388, 82 N. E. 781; People v. Repke, 103 Mich. 459, 61 N. W. 861; Burton v. State, 51 Tex. Cr. R. 196, 101 S. W. 226; Servina v. State, 109 Tex. Cr. R. 443, 5 S. W.(2d) 510; Turner v. State, 117 Tex. Cr. R. 434, 37 S.W.(2d) 747; Bain v. State, 67 Miss. 557, 7 So. 408; People v. Martin, 13 Cal. App. 96, 108 P. 1034; People v. Sanders, 82 Cal. App. 778, 256 P. 251; State v. Patterson, 117 Or. 153, 241 P. 977; Nall v. Commonwealth, 208 Ky. 700, 271 S. W. 1059.

■ Requested instruction numbered 12 defined a conspiracy and stated that one does not become a party to it by knowledge that another is about to commit an offense or by inactive acquiescence and that if the acts of appellants in detaining, concealing, and chaining the abducted person were not a part of the original plan or design they should be acquitted. The refusal of the instruction was not erroneous for two reasons: First, the court in its instructions defined a conspiracy clearly and aptly and told the jury that they could not convict any defendant unless they found that he was actually a part of it. Since the subject-matter had been fully covered, the requested instruction was merely cumulative. Repetition of substance in that manner is not required. Bowater v. Worley (C. C. A.) 57 F. (2d) 970; Utah Power & Light Company v. Woody (C. C. A.) 62 F.(2d) 613; Detroit Fire & Marine Ins. Co. v. Oklahoma Terminal Elevator Co. (C. C. A.) 64 F.(2d) 671. Second, the latter part of the instruction was inaccurate for the reason that, as previously stated, detaining a kidnapped person for ransom after his transportation in interstate commerce has ceased constitutes a continuing element of the substantive offense denounced by the statute and one who knowingly joins a conspiracy during that time which has for its object and purpose the commission of the substantive offense and does an act in fulfillment of such purpose becomes a coconspirator equally guilty with others despite the fact that transportation has ended.

■ At the conclusion of the instructions given to the jury and without submitting a tendered instruction, counsel requested the court as follows: "With reference to Mrs. Shannon, we now request the court to instruct the jury with reference to her acts being done at the request of the husband, that is, as the acts of the husband. The proof shows he invited her to bring a meal over there, a chicken dinner, and she did so and any act requested by the husband and any act on her part requested by the husband would be the act of the husband and she would not be responsible for it." While the victim was being guarded by her husband and Armon at the home of the latter, appellant Ora L. Shannon was told by Kathryn Thorne Kelly, her daughter and alleged coconspirator, that her husband desired her to prepare and bring a fried chicken dinner for the three of them and she did so. There is some contrariety of opinion among the courts as to whether a criminal act committed by a wife in the presence of her husband is presumptively done under his coercion which absolves her from punishment, but these facts do not present that question of law. Her husband was not present when she received the request, nor when she pre-

pared the food and took it to the place where he and the son were engaged in guarding their victim. She did not see her husband until she reached there with the food. She then handed it to him and left almost immediately. Without deciding whether acts committed in the presence of the husband are presumptively done under coercion, certainly the doctrine should not be expanded to apply to those occurring outside his presence even though done pursuant to his request. That is the situation here and the court was right in refusing the request.

Other questions are argued. We have examined them with care and think they are insubstantial.

The judgment is affirmed.