**UNITED STATES of America, Plaintiff,**

v.

**Lisa Robyn DUGGER, et al., Defendants.**

**No. CR–2–76–14.**

United States District Court,
E. D. Tennessee.

Nov. 18, 1976.

Robert E. Simpson, Ass't. U.S. Atty., Knoxville, Tenn., for plaintiff.

Robert L. Arrington, Kingsport, Tenn. and Douglas J. Carter, Milligan College, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

█ The defendant Mr. Lacey moved (in a somewhat novel fashion), under the provisions of Rules 104(a), (b), Federal Rules of Evidence, for a pretrial hearing[1] on the admissibility of certain evidence which he anticipates will be offered on the trial herein by his codefendant. That is not a proper vehicle for the advance adjudication of whether such evidence, if offered, is admissible, because no preliminary fact-finding by the Court is necessary in its determination. See Advisory Committee's Notes on Rule 104, Federal Rules of Evidence.

Mr. Lacey asserts that his codefendant is expected to testify "* * * in support of an affirmative defense which is insufficient as a matter of law * * *" that he coerced her by threats to participate with him in the offenses charged against both of them in counts 1–8, inclusive, of the indictment herein, and that such testimony by such codefendant should be suppressed. There is no merit to this contention.

█ There is no longer an "affirmative defense" to a federal criminal indictment or information,[2] *viz.*, the only pleas thereto being guilty, not guilty or *nolo contendere*. Rule 12(a), Federal Rules of Criminal Procedure. "* * * All other pleas * * * are abolished. * * *" *Idem.* The codefendant herein is to be tried on a plea of not guilty entered for her by the Court. Her testimony as to the reason for any participation by her in the offenses charged

---

1. By brief, the moving defendant stated he "* * * does not ask for a hearing prior to trial; * * *" his motion is for the Court "* * * to conduct a hearing outside the presence of the jury. * * *"

2. Although a Circuit Judge described coercion as "an affirmative defense" in *United States v. Stevison*, C.A. 7th (1972), 471 F.2d 143, 147, his cited authority therefor was *Shannon v. United States*, C.C.A. 10th (1935), 76 F.2d 490, which dealt with a request for instructions on the moot issue of whether a criminal act committed by a wife in the presence of her husband is "presumptively done under his coercion" which absolved her from punishment. *Ibid.*, 76 F.2d at 493–494[10].

has a substantial, perhaps critical, relevance to her intent to commit the crimes charged.

■ A motion to suppress evidence, Rule 41(f), Federal Rules of Criminal Procedure, is a method for enforcing protection of rights guaranteed under the Constitution, Fourth, Fifth and Sixth Amendments; but suppressing the testimony of a complaining witness, such as that of Mr. Lacey's codefendant herein, is " * * * not the proper manner to enforce * * * " those rights. *Cotton v. United States*, C.A. 9th (1967), 371 F.2d 385, 394[28]. However, although such evidence is clearly admissible in such codefendant's defense[3] but not admissible as substantive evidence against Mr. Lacey as to the offenses with which he is charged in this indictment, having been alerted to Mr. Lacey's request that it not be considered against him in that context, this Court " * * * shall restrict the evidence to its proper scope and instruct the jury accordingly." Rule 105, Federal Rules of Evidence.

With this ruling, the motion of Mr. Lacey for a hearing out of the presence of the jury during trial hereby is

DENIED, except to the extent that it is deemed a request for the indicated cautionary instructions.

---

**3.** The Court will instruct the jury substantially, *inter alia*: " * * * It is seldom that intent may be proved by any means other than circumstantial evidence. * * * " [T]here, of course, can be no eyewitness account of the state of mind with which acts were done or not done. * * * In determining the issue as to intent, you are entitled to consider any statements made and any acts done or not done by each defendant as well as *all facts and circumstances in evidence which may aid you in determining* his or *her* respective *states of mind*." (Emphasis supplied for purposes of this consideration.) *Cf. Lawson v. United States*, C.A. 8th (1973), 483 F.2d 535, 536, certiorari denied (1974), 414 U.S. 1133, 94 S.Ct. 874, 38 L.Ed.2d 757.