**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Warren BOOMER and Gerald Edwin Heft, Defendants-Appellants.**

**Nos. 76–1755 and 76–1756.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 16, 1977.

Decided March 14, 1978.

Bruce E. Miller, Asst. U. S. Atty. (James P. Buchele, U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Leonard D. Munker, Federal Public Defender, Kansas City, Kan. (John O. Martin, Asst. Federal Public Defender, Kansas City, Kan., on the brief), for Charles Warren Boomer, defendant-appellant.

E. J. Webber, Topeka, Kan., for Gerald Edwin Heft, defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Boomer and Heft, inmates in the United States Penitentiary at Leavenworth, Kansas, were jointly charged and tried for attempted escape from that institution in violation of 18 U.S.C. § 751(a). At trial, both defendants admitted their attempt to escape and relied upon duress or coercion as a defense. Each related a long history of alleged abuse and mistreatment at the hands of both prison officials and fellow inmates. The issue of coercion was submitted to the jury with instructions relating thereto. By its verdict, the jury rejected, in effect, the defense of coercion and convicted the defendants. Both Boomer and Heft appeal their convictions. We affirm.

The principal matter raised in this appeal concerns the instruction given the jury on coercion. In this regard, the jury was instructed that coercion or necessity could be a legal excuse for the crime charged in the indictment. The trial court further elabo-

rated by stating that before the jury could excuse the defendants because of coercion certain conditions must exist. The trial court then enumerated a number of conditions which had to exist before the jury could find coercion. In this connection, the trial court instructed the jury, in part, as follows:

> Coercion or necessity may provide a legal excuse for the crimes charged in the Indictment. In order, however, to provide a legal excuse for any criminal conduct, all the following conditions must exist:
>
> (1) The prisoner must be faced with a specific threat of death or substantial bodily injury in the immediate future;
>
> (2) There must be no time for a complaint to the authorities or there must exist a history of futile complaints which make any benefit from such complaints illusory;
>
> (3) There must be no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape attempt; and
>
> (4) The prisoner must intend to report immediately to the proper authorities when he attains a position of safety from the immediate threat.

At trial, the defendants objected to the language appearing in the second and fourth paragraph of the court's instruction on coercion. We do not believe the language complained of is erroneous or misleading, and, on the contrary, we deem it to be a correct statement of the law.

In *Shannon v. United States,* 76 F.2d 490 (10th Cir. 1935), this Court stated that coercion which would excuse the commission of a crime must be immediate and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. In *Shannon* the court made further comment as follows:

> One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury. *Id.* at 493.

Paragraph 2 of the trial court's instruction defining coercion squares with the quoted language from *Shannon.* One who escapes from a penal institution is not excused even though faced with an immediate threat of death or serious bodily harm, if there is a reasonable and viable alternative to the act of escaping. The second paragraph in the instruction advises the jury that the defendants' attempted escape was not excused if they had time to complain to the prison authorities about their imminent danger, unless there was evidence of prior futile complaints of a similar nature which would indicate that any benefit from a complaint would only be illusory.

A recent case involving the defense of coercion as justification for an escape from a penal institution by an inmate who was threatened with sexual assault is *People v. Lovercamp,* 43 Cal.App.3d 823, 118 Cal. Rptr. 110 (1974). In that case, the California Court of Appeals made a definitive statement as to when the defense of coercion or necessity is available. The trial court in the instant case apparently modeled its instruction on coercion along the lines indicated in *Lovercamp.* In any event, the court in *Lovercamp* stated that even though a prisoner is faced with a specific and immediate threat of death, forcible sexual attack or substantial bodily injury, the defense of necessity is still not available unless "[t]here is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory." We believe that to be a correct statement of the law.

Objection was also made to the fourth paragraph of the trial court's instruction on coercion, which was to the effect that an escape, or an attempted escape, resulting from duress or coercion is not to be excused unless the person involved intends to turn himself in to proper authorities once he has successfully extricated himself from his highly dangerous immediate situation. We believe that too is a correct statement of the law.

In *United States v. Michelson,* 559 F.2d 567 (9th Cir. 1977), the Ninth Circuit held

that an escape would not be excused by reason of alleged duress if the escapee fails to submit to proper authorities immediately after attaining a position of safety. In *Michelson,* the escapee remained at large for nearly two years after his escape from the United States Penitentiary at McNeil Island, and the fact of such "continued absence" precluded the submission to the jury of the coercion defense. In the instant case the facts and circumstances were such as to cast great doubt that Boomer and Heft, if they had cleared the prison wall, were going to turn themselves over to the proper authorities. However, the trial court, no doubt out of an abundance of caution, submitted the matter of coercion to the jury under instructions which we find adequate.

In line with *Michelson,* see *United States v. Woodring,* 464 F.2d 1248 (10th Cir. 1972). In *Woodring,* this Court was concerned with a prisoner who claimed that he was forced to leave an Honor Farm at gunpoint, but who thereafter remained at large for some 19 months before being arrested. In that context, we stated that "one is guilty of escape notwithstanding the late formation of the idea when he seizes an opportunity and does not return to the penitentiary." *Id.* at 1250, citing *Chandler v. United States,* 378 F.2d 906 (9th Cir. 1967).

The defendants assert several other grounds for reversal, none of which merit much comment. Boomer complains that his pre-trial motion for a severance was improperly denied. The ground advanced for a severance was that statements made to the authorities by his codefendant Heft implicated him. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Upon trial, however, the Government did not offer into evidence any statement made by Heft. Such fact effectively eliminates on appeal any challenge to the denial of the motion for a severance. Heft complains that he was punished administratively for his attempted escape, and that his present conviction for a criminal offense constitutes double jeopardy. Such is not the law. *United States v. Acosta,* 495 F.2d 60 (10th Cir. 1974). Boomer complains that

a defense witness, a prison guard called by Heft, changed his testimony from that offered by the witness in the first trial of this case, which ended with a hung jury. However, the witness in question testified concerning his "shakedown" of Heft's cell, and did not testify at all concerning Boomer. Other matters relied on are too trivial to mention.

Judgment affirmed.