## JOHN A. JONES v. THE STATE.

*No. 7058.    Decided June 18.*

**Murder—Evidence—Charge of the Court.**—This conviction was predicated mainly upon the declaration of the defendant, soon after the homicide, that he killed the deceased, but that he killed him in self-defense. The State produced no testimony rebutting the defendant's claim of self-defense, and under this state of case the defense requested an instruction to the jury as follows: "When the admissions or confessions

of a party are introduced in evidence by the State, then the whole of the admissions or confessions are to be taken together, and the State is bound by them unless they are shown by the evidence to be untrue. Such admissions or confessions are to be taken into consideration by the jury as evidence in connection with all the other facts and circumstances of the case." *Held,* that under the proof, the refusal of this instruction was error. The right to such an instruction does not follow the admission of a defendant's confession in evidence against him, unless such confession contains exculpatory or mitigating statements. When such, however, is the case, and the State fails to present rebutting proof, the defendant's right to such an instruction is paramount.

APPEAL from the District Court of Navarro. Tried below before Hon. Rufus Hardy.

*A. W. O. Hicks,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This conviction is for murder in the second degree, and is based mainly upon the admissions made by the defendant soon after the homicide. He stated, in substance, that he killed the deceased, but that he killed him in self-defense. There was no evidence adduced by the State directly contradicting the statement of defendant that he killed the deceased in self-defense. Some slight circumstances were proved by the State tending to show that the homicide was actuated by malice and negativing the theory of self-defense, but it can not be said that defendant's claim of self-defense was disproved by the State.

On the trial counsel for defendant requested a special instruction as follows: "When the admissions or confessions of a party are introduced in evidence by the State, then the whole of the admissions or confessions are to be taken together, and the State is bound by them unless they are shown by the evidence to be untrue. Such admissions or confessions are to be taken into consideration by the jury as evidence in connection with all the other facts and circumstances of the case."

This instruction was refused, and the defendant reserved a bill of exception. We think that under the facts of this case the instruction was pertinent, correct in principle, and should have been given. We do not wish to be understood as holding that in all cases where the admissions or confessions of a defendant are admitted in evidence against him that it is necessary to give such or a similar instruction to the jury. What we decide is that in this case, in which the criminating evidence consists almost entirely of defendant's admission that he killed the deceased, the instruction should have been given, in view of the fact that the exculpatory portion of defendant's statements about the homicide were not shown by the State's evidence to be untrue. We are of the opinion, however, that in all cases where admissions and confessions of a defendant are admitted in evidence against him, and such admissions or confessions con-

tain exculpatory or mitigating statements, it would be proper and just to the defendant to instruct the jury as was requested in this case. Pharr v. The State, 7 Texas Ct. App., 472; 1 Greenl. on Ev., 9 ed., secs. 218, 219, 442, 443; 1 Bish. Cr. Proc., secs. 1235, 1236.

Because of the refusal of the court to give said requested instruction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.