### GEORGE SMITH V. THE STATE.

No. 9889.    Delivered April 28, 1926.

Rehearing granted June 23, 1926.

#### 1.—Murder—Evidence—Properly Admitted.

Where, on a trial for murder, it being shown that the body of the deceased was found in a deep pool of water, there was no error in permitting the state to prove that the body was weighted down by rocks wired to the body, and permitting the introduction of the rocks and wire in evidence. See Simpson v. State, 97 Tex. Crim. Rep. 57.

#### 2.—Same—Evidence—Of Non-Expert—Properly Admitted.

Where, on a trial for murder, there was no error in permitting the state to prove by an undertaker of seventeen years' experience, who examined the body of deceased, and pemitting him to describe the wounds, which he testified had crushed the skull of deceased, and in his opinion caused death. Objection that this witness was not an expert is not deemed tenable.

#### 3.—Same—Confession of Accused—Introduction of Part—No Error Shown.

Where the state introduced a part only of a confession of the accused, and the appellant then introduced the remainder of the confession, appellant's objection to the failure of the state to introduce the confession in its entirety presents no error. Following Giles v. State, 67 S. W. 411; Davis v. State, 209 S. W. 749.

#### 4.—Same—Confession of Accused—Properly Admitted.

Where appellant complains of the introduction of a confession of the accused for the reason that it was not procured under circumstances and conditions that are required by law in such cases, and the confession, as set out in the bill shows to have been taken in accordance with the statutory provisions, no error is shown in its admission in evidence.

#### 5.—Same—Evidence Irrelevant—Properly Excluded.

There was no error in repeating the testimony of the witness James Jones to the effect that the day before the homicide, appellant and some man who was a stranger to Jones were in a Ford coupe and appellant offered to sell a spare tire on the car in order to buy gasoline. No relevancy in this testimony was shown to any issue in the case.

#### 6.—Same—Evidence—Of Witness Under Rule—Discretion of Court.

It is within the discretion of the court to permit or refuse to permit

a witness who has been in the court room during the trial in violation of the rule to testify. Appellant's complaint involves no abuse of discretion, and the testimony of the witness in question as set out in appellant's bill seems of no importance.

### 7.—Same—Evidence—Properly Admitted.

Where, on a trial for murder, appellant confessed that he struck the deceased in the head with a piece of iron, and threw it into the water, there was no error in then permitting the state to prove by the sheriff that he found a bar of iron or steel in the back of the car in which appellant drove away from the scene of the homicide.

### 8.—Same—Requested Charge—On Confession—Properly Refused.

Where appellant requested a special charge on the voluntary character of a confession made by appellant, and introduced by the state, which did not correctly present the law governing the issue, there was no error in refusing such charge where the evidence did not clearly raise the issue of the voluntary character of the confession, as to demand its submission to the jury.

#### ON REHEARING.

### 9.—Same—Continuance—Erroneously Refused.

On rehearing our attention is called to the fact that appellant's confession relied upon by the state raises the issue of self-defense, and we are now of the opinion that appellant's application for a continuance, based upon the absence of a witness for whom diligence was used, on this issue, should have been granted.

### 10.—Same—Confession of Defendant—Its Voluntary Character—Question for Jury.

On re-examination of the record we believe that we were in error in holding in our original opinion that the voluntary character of appellant's confession was not an issue, and we now believe that the court should have submitted to the jury that if they believed said confession was not freely and voluntarily made, same should not be considered, and so believing the affirmance is now set aside, and the judgment is reversed and remanded.

Appeal from the District Court of DeWitt County. Tried below before the Hon. John M. Green, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

*H. G. Nami* of Cuero, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the District Court of DeWitt County of murder, punishment fixed at death.

Appellant sought a continuance. By the absent witnesses he expected to prove facts tending to show that deceased was a man of violent and dangerous character, and that they jointly owned a Ford coupe. Before we would hold erroneous the refusal of a continuance, the materiality of the absent testimony would have to be shown. No such showing is here made. Appellant did not take the stand and testify. No one was present at the homicide save appellant and deceased. The testimony before us raises no issue to which the absent testimony could be deemed pertinent, even if diligence was shown.

The body of deceased was found the day after the homicide. It was weighted down by rocks wired to the body, and was found in a deep pool of water. The rocks and wire were admitted in evidence. We do not regard the complaint of this as well founded. Simpson v. State, 97 Tex. Crim. Rep. 57.

An undertaker of nineteen years' experience described the wounds which he said crushed the skull of deceased and in his opinion caused death. Objection that the witness was not an expert is not deemed tenable.

Bill of exception No. 5 was reserved to the admission in evidence of certain portions of a written statement purporting to have been made by appellant, but the bill sets out none of the admitted testimony, and no part of such written statement so objected to. Such a bill brings nothing before us for review.

The state offered in evidence a part only of the written confession made by appellant. This was objected to on the ground that the state must either offer all or else no part of such statement. The objection is not well founded. Giles v. State, 67 S. W. Rep. 411; Davis v. State, 209 S. W. Rep. 749. This was complained of in bill of exceptions No. 6 wherein also appears the further objection to said testimony, for the reason that it was "not procured under the circumstances and conditions that are required by law in such cases." There is nothing in the bill explaining or supporting this statement of objections, and the confession which is made a part of the bill shows to have been taken in exact accordance with the statutory provisions. In this connection we further wish to state that appellant was allowed to, and did, introduce all of the remainder of the confession.

We fail to see the force of what is stated in bill of exceptions No. 7 to be the rejected testimony of James Jones to the effect that the day before the homicide the appellant and some man who was a stranger to Jones were in a Ford coupe and appellant offered to sell the spare tire on the car in order to get money

to buy gasoline. We perceive little or no probative force in such testimony as rebutting the state's theory that appellant killed deceased to get his car.

Bill of exceptions No. 9 complains of the rejection of the testimony of one Williams to statements purporting to have been made by appellant some weeks before the homicide with reference to a Ford coupe. No connection is shown in the bill between the coupe then referred to by appellant, and the one which figured in this case. No error is shown.

The court's action in refusing to permit the introduction of the testimony of a witness who had been in the court room during the trial in violation of the rule invoked, seems no abuse of discretion. The testimony of the witness in question, as set out in the bill, seems of no importance.

Appellant confessed he struck deceased in the head with a piece of iron, which he further said he threw into the water. The state's testimony showed that search was made in the pool of water for such bar of iron but it was not found. The sheriff was allowed to testify that he found a bar of iron or steel in the back of the car in which the two men rode to the scene of the homicide and which appellant drove away. We deem the admission of this testimony not erroneous.

Appellant's fourth exception to the court's charge is as follows:

"Because the court has failed to charge whether the confession of the defendant was made freely and voluntarily as contemplated by the statutes and laws of this state, and in this connection defendant submits his special charge No. 3."

Appellant's special charge No. 3, referred to above, is as follows:

"At the request of the defendant the following special charge is submitted to you by this court as a part of the law of the case and in the consideration of the same you will regard the same as the law and as if given you in the main charge by the court:

"The state has introduced in evidence the confession of defendant and relies upon the said confession to establish the guilt of the said defendant. In this connection you are charged that under our law no man can be required to testify against himself, and no statement made by him in writing or orally to an officer can be used in evidence against him after his arrest and while he is in custody, unless the same be made willingly and voluntarily by him and without being under circumstances such

as under threats, duress, promises and force made by any or all of the officers or any other person in whose custody he may have been since his arrest, and there not having been a cessation of such influence at the time he made such statement; and unless you are satisfied beyond a reasonable doubt that the defendant when he made this statement or confession was not laboring under or relying on the promises of Mr. G. A. Lenz, the sheriff, if any promises were made him, then such statement or confession should not be considered by you for any purpose. You are further instructed in connection herewith that you are to take into consideration the relative positions of the parties, the station in life and circumstances of the defendant, and the long standing acquaintanceship and friendship of Mr. G. A. Lenz, the sheriff, and the defendant, in arriving at your decision or conclusion as to whether the confession herein was made in compliance with the laws of this state and unless you so find, then you will not consider the said confession for any purpose in this case."

That this special charge is not correct appears from an inspection of same. The exception to the charge above quoted is in such condition that same calls attention to no particular part of the record, and there is no bill of exceptions presenting this complaint in which any facts are set out from which the soundness of the exception may be determined. However, in view of the verdict of the jury, we have considered the entire record and find nothing therein leading us to conclude that if the exception had been in proper form, the failure of the court to give the charge indicated would have injuriously affected the rights of this appellant.

We have tried to give this record the care which it demands in view of the infliction of the extreme penalty of the law upon appellant. The record reveals that the two men left on the morning of the homicide in a Ford coupe belonging to deceased, and later that day appellant was seen with the car alone and informed parties who gave testimony to that effect, that he had carried deceased to a certain town where the latter had taken the train for West Texas. The next day the body of deceased was found naked and with heavy rocks wired to it sunk in a deep pool of water. Blood and brains were oozing from the crushed skull of the body. After the body was found appellant repeated his claim that he had taken deceased to where the latter had caught the train. Some days after his arrest appellant made a complete confession admitting that he had

killed deceased and sunk his body where it was found.   In the confession appellant told an unbelievable story of conduct on the part of deceased which led to the killing.   The learned trial judge seems to have submitted fully and in a manner acceptable to appellant, the law relating to all the issues in the case thus raised by appellant's testimony.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our original consideration of this case we overlooked the fact that by the confession of the appellant, which was put in evidence by the state, the issue of self-defense was raised.   Said issue being in the case, the application for continuance showing diligence for the absent witness as material on the plea of self-defense should have been granted.

We have also concluded upon a careful review of the facts that the learned trial judge should have submitted to the jury the question as to the voluntary character of the confession, with appropriate instructions to them that if they believed said confession was not freely and voluntarily made, same should not be considered.

Appellant's motion for rehearing is granted, the affirmance is set aside and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*