## HENRY ARKHAMMER V. THE STATE.

### No. 10817.   Delivered April 13, 1927.

### Rehearing denied June 15, 1927.

**1.— Murder — Charge of Court — On Protection of Property — Properly Refused.**

Where appellant testified that he went to the home of deceased in his auto, and called deceased out to his car, and upbraided deceased for his conduct toward appellant's wife and that deceased grabbed his gun, and he shot him, there was no error in failing to charge the jury on the right of appellant to protect his property, the issue presented being of self-defense.

**2.—Same—Charge of Court—Omission Covered by Special Charge—No Error Shown.**

Where appellant complains of the court's main charge in omitting to instruct the jury that appellant had the right to arm himself and seek the deceased for the purpose of demanding an explanation of deceased's conduct toward appellant's wife, and it appears that this issue was given in a special charge requested by appellant, no error is shown.

**3.—Same—Manslaughter—Adequate Cause—Not Presented.**

Where appellant testified that he had for a long time known of illicit relations of deceased with his (appellant's) wife, and that he went to deceased and requested him to discontinue such relations, the refusal of the deceased to agree to do so, would not constitute adequate cause to reduce the killing to manslaughter.

**4.—Same—Evidence—Question Not Answered—No Error Shown.**

Where complaint was made of a question propounded to a witness and the bill complaining of the matter does not set out what answer was given, or would have been given, no error is shown. Following Pierson v. State, 18 Tex. Crim. App. 563, and Adams v. State, 35 Tex. Crim. Rep. 285.

**5.—Same—Evidence—Properly Rejected.**

There was no error in refusing to permit appellant to testify that he had no education, no materiality being shown for such proof.

**6.—Same—General Reputation—Properly Proven.**

Where two of appellant's character witnesses testified that they had never heard anything against him, which was tantamount to saying his reputation was good, there was no error in refusing to permit appellant to examine the witness further on this matter.

**7.—Same—Confession of Defendant—Introduced in Part—Held Proper.**

Where appellant had made a written confession, the state was authorized to introduce all or any part of such confession. Following Early v. State, 9 Tex. Crim. App. 487, and other cases cited.

:8.—Same—No Error Presented.

On rehearing we have again carefully considered appellant's contention that the evidence raised the defense of appellant's right to defend against his property. We cannot find that our determination of this question in our original opinion was erroneous, and the motion for rehearing is over-ruled.

Appeal from the District Court of Montgomery County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*McCall & Crawford* of Conroe, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction of murder, punishment twenty-five years in the penitentiary.

In his brief, reliance is chiefly had by appellant upon certain errors asserted relative to the charge. Appellant excepted to the charge because, first, it did not submit that adultery between deceased and the wife of appellant was adequate cause to reduce the killing to manslaughter; second, that even though the killing did not take place at the first meeting between deceased and appellant, after the latter learned of the relations between his wife and deceased, the acts and conduct of deceased when requested, on the morning of the homicide, to desist from such conduct, amounted to adequate cause, and the court should so have informed the jury; third, the charge did not tell the jury that appellant had a right to arm himself and seek deceased for the purpose of demanding that the latter stop visiting his wife and home; fourth, the charge failed to tell the jury "that defendant had the right to protect his property, namely, his gun, car and family from forcible trespass upon same by deceased, and to use all necessary force to prevent such trespass."

That one has the right to protect his property and his family, in a proper case, to whatever extent may be necessary, will not admit of doubt, the right to defend one's family or any other person being as sacred as that of self-defense; but such right is defensive and not offensive, and before the law of such right applies there must be a showing of facts making apparent the necessity for such application. The facts in this case demon-

strate that appellant drove his car up in front of the home of deceased, who was washing his hands on the porch, and called deceased to come out to the car as he wanted to speak to him.   Deceased started to the car.   Appellant testified as follows:

"That day just before the killing I was going on down to Joe Woodley's and I taken my gun to go hunting.   I saw Milton at the house and I told him to step there a minute, I wanted to speak to him.   When he got nearly to the gate I said 'Haven't I been telling you about my wife; I want you to quit it.'   He broke to me and went to running and jumped on the car and grabbed hold of the gun and I shot him.   At the time I shot him he had hold of the gun.   The reason why I shot him was because he made a break to me, I told him to stop.   He wouldn't stop. He came a running and I did not know what he was going to do."

Appellant's wife swore in substance the same as he did.   We do not see in this any support for the claim that deceased was attacking or trying to injure or destroy any property of appellant in either his gun or his car, nor does it evidence a real or threatened attack on appellant's family.   Appellant had the gun.   Sitting in the car, he had invited deceased to come out to it.   According to appellant's own testimony deceased came, drying his hands upon a handkerchief as he approached.   Appellant says that he said to deceased, "Haven't I been telling you about my wife; I want you to quit it" and that deceased ran toward the car and "grabbed hold of the gun and I shot him."   If any defensive theory arises from such facts, it would be that of self-defense based on belief on the part of appellant of an attack or threatened attack upon his person.   It seems to us rather far fetched to suppose that deceased intended or appeared to offer any injury to the car or to the gun.   On the trial the court instructed the jury on the law of self-defense and did not limit it by any charge on provoking the difficulty, which fact would seem favorable to appellant.

In regard to the third ground of exception to the court's charge, we call attention to the fact that in view of a special charge given which told the jury specifically that if appellant had been informed of adulterous relations between his wife and deceased, he had the right to demand of deceased that he stop visiting his place and his wife and let his wife alone; and for his own protection in going to see deceased about this matter he had the right to arm himself with a shot gun, and the fact that he was so armed would not abridge or destroy his right of self-defense.   This special charge must have been prepared and given

after the third ground of the exception was reserved, for it meets exactly the supposed defect in the main charge to which attention was called by said part of the exception.

We are not able to agree that either of the first two grounds of the exception is sound, under the facts of this case. Appellant swore that he had known for a year and a half of the illicit relations between deceased and appellant's wife. In fact when asked if he killed deceased because of information of such fact, he said he did not. He further stated, "I had got sort of used to it, he had been doing it so long; that was not the reason I killed him." As our law was before changed by the Fortieth Legislature, it required as a condition precedent to the reduction of a homicide to the grade of manslaughter when based on insulting conduct of deceased toward female relatives of the slayer, that the killing take place so soon as the slayer got such information, or at the first meeting of the parties thereafter. The testimony before us negatives the fact that appellant so acted. This court has no power to extend the legislative enactment so as to make it reduce to manslaughter a killing by one who has long had knowledge of insulting conduct toward his female relative, has discussed that fact with the person slain, and where the contention is there was a subsequent demand made upon the deceased that the conduct deemed insulting cease, which demand does not meet with verbal acquiescence, or is met with verbal refusal. We have no right to interpolate into the statute a holding that one who knows of such insulting conduct and permits it to continue and meets often the guilty party after he receives such information and thereafter make demand upon him that he stay away, may then kill him and claim that because the insulter refused, this amounts to adequate cause. Of course the jury have the right, and were so told in the case before us, in determining whether or not the mind of the accused was in such condition as to render it incapable of cool reflection, they may take into consideration all the facts and circumstances in evidence.

The question asked of State witness Lena Hood, "Had she been living with him before you got married," complaint of which appears in bill of exceptions No. 5, does not state what the answer of the witness would have been had she been permitted to answer the question. Pierson v. State, 18 Tex. Crim App. 563; Adams v. State, 35 Tex. Crim. Rep. 285. The bill is very indefinite in that no explanation appears as to who was meant by "him."

Refusal to allow appellant to state that he had no education, presents no error under the facts before us, especially so as the

bill presenting the complaint sets out no reason stated or apparent upon which such testimony would become pertinent. Walker v. State, 28 Tex. Crim. App. 505. The bill shows that the State had offered part of a written statement made by appellant, and sets out that he was compelled to offer the whole of such statement, and that the defense offered in evidence the signature to said statement and then asked appellant the question objected to.

Appellant introduced a number of witnesses who swore to his good reputation for being a peaceable, law-abiding citizen in the community in which he lived. The State offered nothing in rebuttal of this testimony. Two of appellant's character witnesses said they had never heard anything against him. This was tantamount to saying his reputation was good. Appellant sought to have them go further but was not permitted. We perceive no injury in the matter appearing in either bill.

Appellant sought to have his wife testify to what he had told her as being facts which had been narrated to him by the wife of deceased. This was plainly hearsay.

The complaint in bill of exceptions No. 9 to the introduction by the State of a part of the written statement made by appelland, seems untenable. That appellant was warned as required by law, was shown without controversy. That the State offered only a part of the written document, seems in accord with the authorities. Early v. State, 9 Tex. Crim. App. 487; Giles v. State, 43 Tex. Crim. Rep. 563; Shaw v. State, 73 Tex. Crim. Rep. 331; Davis v. State, 209 S. W. 749. Appellant was permitted to introduce the whole of the statement, a part of which the State introduced.

We have carefully examined this entire record. Appellant's claim that deceased was making an attack of any kind upon him, seems an after thought. In the written statement made by him shortly after the killing he made no such claim. The facts stated by him in said written statement appear almost the same as those given in testimony by the State witnesses.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE. — Appellant most earnestly contends through counsel both written and oral arguments on rehearing that we were wrong in holding that the evidence did not raise the issue of defense of property, and that no error was committed by the trial court in refusing a charge upon that subject. There is no

difference between counsel and this court upon the law, that is, if the evidence raised the issue it must be submitted to the jury. So earnest is counsel in his insistence that we have again carefully examined all the evidence, and especially that of appellant and his wife for if the issue was raised it must have been by their testimony. This further investigation has only .confirmed the view expressed in our original opinion. Appellant could have had no idea that deceased was contemplating or attempting any injury to appellant's automobile, and the contest over appellant's gun does not indicate any effort on the part of deceased to deprive appellant of the property, but clearly appears to have been only deceased's effort to prevent appellant from using the gun on deceased. This still being our opinion it follows that appellant's motion for rehearing should be overruled.

*Overruled.*