### BILL OTTS v. THE STATE.

No. 19563.   Delivered March 30, 1938.
Rehearing denied June 1, 1938.

The opinion states the case.

*Floyd Jones,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense charged is the theft of one head of cattle, and punishment fixed at confinement in the penitentiary for two years.

This is a case of circumstantial evidence, and the court so charged the jury.

Mr. Donnell lost a certain animal, and its hide and head were found hidden under a bridge in Stephens County. The connection of appellant with the theft of said animal was mainly predicated on the fact that the appellant and his brother, Amos Otts, stored with Mr. McElroy at his ice house, in Amos Otts' name, a hind quarter of a beef. There were some pieces of flesh cut out of this quarter and left on the hide, and when the hide was fitted to the meat there appeared pieces of meat that fit the depressions on the hind quarter.

These circumstances were the only proof that served to connect the appellant with this theft, save and except his confession, if such confession does thus connect him. The confession is, in substance, that appellant and his brother were out on a certain road on the night before this meat was stored by them, and they purchased such quarter of beef from a man whose name was unknown to them, and paid him therefor the sum of $4.00, and took such beef to the ice house and had it stored there. This statement was introduced by the State, and, of course, if the same were true, then the appellant could not have been guilty of stealing the animal from which this hind quarter of

beef was taken. The identification of this quarter of beef was very material, and if such came from the stolen animal, and its possession in appellant remained unexplained, it would have been a strong circumstance going to show that he was the original taker of the animal. But the State comes in and introduces the signed statement of appellant showing that he had in good faith purchased this meat from another, thus exculpating himself. Under these circumstances appellant requested the court to charge the jury as follows: "You are further instructed that when the admissions or the confessions of a party are introduced in evidence by the State, then the whole of the admissions or confessions are to be taken together and the State is bound by them unless they are shown to be untrue by the evidence; such admissions or confessions are to be taken into consideration by the jury as evidence in connection with other facts and circumstances of the case."

If the State introduces a statement of the appellant which contains exculpatory matters, it has the right to, and should prove the falsity of such exculpatory statements. In the case of Baggett v. State, 144 S. W. 1137, Judge DAVIDSON said:

"Another phase of this question will be noticed, inasmuch as the State relied upon it. This statement is exculpatory in so far as connecting the defendant with the transaction as a principal. It shows on its face that O. D. Cowan and Richard Baggett said they killed the hog and brought it to appellant's house after the killing, excluding his presence at the time and place of the killing. This statement was exculpatory of theft, and only shows a receiving of stolen pork. This required a charge at the hands of the court, under a long line of decisions in this State, to the effect that the State, having put this in evidence, would be required to show it false in order to secure a conviction. This has been the rule in Texas, at least since the Pharr Case, in 7 Texas App. 472. We have been called on to write quite a number of opinions on this question, all of them in harmony with and following the rule laid down in the Pharr Case. See Combs v. State, 52 Texas Crim. Rep. 617, 108 S. W. 649; Pratt v. State, 50 Texas Crim. Rep. 227, 96 S. W. 8; Jones v. State, 29 Texas App. 21, 13 S. W. 990, 25 Am. St. Rep. 715."

In the Jones Case, 13 S. W. 990, this Court said: "We are of the opinion however, that in all cases where admissions and confessions of a defendant are admitted in evidence against him, and such admissions or confessions contain exculpatory or mitigating statements, it would be proper and just to the defendant to instruct the jury as was requested in this case", that is,

that the State is bound by the whole of the statement unless the exculpatory portion thereof is shown to be untrue by the evidence. The above case cites Pharr v. State, 7 Texas App. 478, as the leading case. To the same effect is the opinion by Judge MORROW in the Forrester Case, 248 S. W. 40. It is also noted that appellant did not take the stand in his own behalf. It is not true that in every instance of the introduction of a statement of the defendant containing exculpatory statements that the State is bound thereby, but where such a statement is used to fasten guilt upon one accused of crime, the exculpatory statement must be disbelieved by the jury, and some such instruction should be given them in their deliberations. That such was asked in this cause, the above request shows, and the same complaint is found in the objections to the court's charge. Such request was refused by the trial judge. For the failure to give such charge, or one of like import, this judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is urged in a motion for rehearing by the State that we were in error in holding that under the proven facts the trial court should have instructed regarding the effect of an exculpatory statement contained in appellant's confession which was introduced by the State.

Many authorities are submitted in the motion as sustaining the State's position. We have examined all of said authorities and many others on the point at issue. It would extend this opinion to unpardonable lengths to undertake a review of the cases dealing with the subject. In Pharr v. State, 7 Texas Crim. App. 472, the general rule was announced that when the State introduced a confession or admission of an accused containing exculpatory declarations it was *ordinarily* incumbent upon the court to instruct the jury that the exculpatory statements were regarded as true unless disproved. Immediately thereafter exceptions to the rule began to be engrafted as will appear from Branch's Ann. Texas P. C., Section 73, page 44, and 24 Tex. Jur., Section 109, page 598, until at the present time it is difficult for trial judges to know when a charge regarding exculpatory statements is demanded. The Court has always found it difficult to lay down an arbitrary rule as to when such instruction should or should not be given because of varying facts, but in the Jones case, 29 Texas Crim. App. 20, 13 S. W. 990, Judge WILSON seemed to sense the situation and as a warning suggested in the language quoted in our original opinion that

while it was not necessary in all cases to give such an instruction, yet it was then the opinion of the Court that where admissions and confessions of an accused were admitted against him, and contained exculpatory statements, *"it would be proper and just to the defendant to instruct the jury"* relative thereto.

The present writer attributes some of the confusion in our opinions on the subject to a failure sometimes to keep in mind that it was not so much a question of a defensive charge arising from the exculpatory statement, as it was the *effect* of the exculpatory declaration when introduced by the State under circumstances where the State is supposed to vouch for the truth of its evidence. Especially is this true when it is remembered that the State is not required to offer the entire confession, but may offer such part as it deems proper, with the right reserved to the defendant to offer the balance which may be pertinent. 18 Tex. Jur., Sec. 104, page 190; Riley v. State, 4 Texas Crim. App. 538; Sanderson v. State, 109 Texas Crim. Rep. 142, 3 S. W. (2d) 453; Arkhammer v. State, 107 Texas Crim. Rep. 191, 296 S. W. 301; Smith v. State, 104 Texas Crim. Rep. 567, 285 S. W. 1094. Thus is shown the pertinence of the announcement in Forrester v. State, 93 Texas Crim. Rep. 415, 248 S. W. 40, that "State's counsel might have refrained from introducing the exculpatory declaration but having done so, the law operates upon it."

One exception to the rule which should cause no confusion is where the defendant testifies and his testimony corresponds to the exculpatory statements put in evidence by the State, and the defensive issue arising from his testimony is fairly submitted to the jury. The reasons which obviate the necessity for charging on exculpatory declarations under such circumstances are clearly set forth in Yarbrough v. State, 125 Texas Crim. Rep. 304, 67 S. W. (2d) 612. Another exception which should cause no trouble is where the State does not introduce the confession or admission containing the exculpatory statements in developing its case in chief, but offers same to contradict or impeach accused where he has testified as a witness, or where it fairly appears that the confession is not relied on for a conviction, but is offered to break down some defensive theory which has come into the case as illustrated in Gibson v. State, 53 Texas Crim. Rep. 349, 110 S. W. 41.

It is stated in many cases that an instruction on the effect of exculpatory declarations is not required where the State does not rely for a conviction "wholly" upon the defendant's confession or declaration. It is this apparent exception which we

are led to believe must give the trial judges great trouble in determining under given facts whether to instruct regarding the effect of exculpatory statements if he has embraced in his charge an instruction on the defensive issue raised by the exculpatory declaration. It is at this point the present writer believes the whole trouble lies. The defensive issue raised by the exculpatory statement may be properly submitted, but the jury is given no rule by which to appraise the effect of the exculpatory statement which has been placed before them by the State. The trial court and this Court might think the facts sufficient to show the falsity of the exculpatory statement, but the jury might not think so, and they are the judges of the weight of the testimony to be appraised by them under proper instructions as to the rules of law.

Some of the cases cited as supporting the exception that the court is not required to charge on the effect of exculpatory statements unless the State relies "wholly" on the confession are Slade v. State, 29 Texas Crim. App. 381, 16 S. W. 253; Marshall v. State, 104 Texas Crim. Rep. 619, 286 S. W. 214; Tyler v. State, 121 Texas Crim. Rep. 25, 53 S. W. (2d) 64; Freeney v. State, 123 Texas Crim. Rep. 488, 59 S. W. (2d) 385; Pickens v. State, 86 Texas Crim. Rep. 657, 218 S. W. 755; Servina v. State, 109 Texas Crim. Rep. 443, 5 S. W. (2d) 510. It will be found that the defendant testified in each of the cases mentioned, and his confession was used by the State to impeach or contradict the defendant, or was used in cross-examination of defendant while he was testifying as a witness.

In Robidoux v. State, 116 Texas Crim. Rep. 432, 34 S. W. (2d) 863, the question arose as to whether the trial court had given a sufficient charge upon the effect of an exculpatory declaration proved by the State. Without reviewing or referring to any authority the late lamented Judge LATTIMORE wrote as follows: "It appears * * * that, if in proving its case, the State put before the jury statements of the accused which, if true, would entitle him to an acquittal, there should be some direct and positive instruction given to the jury to that effect, * * *. In other words, the right of the accused in such instance should be stated to the jury in plain and unmistakable language, so that they may know that the defendant is entitled to an acquittal if such exculpatory statements be not disproved or shown to be false by other testimony." It may be admitted that the statement just quoted is not in accord with the announcement in other cases in some of which the opinions were written by the same learned Judge, unless the apparent discrepancy may be accounted for by differing facts, which as heretofore stated,

makes it difficult to arbitrarily announce an inflexible rule. Some of the cases last referred to are Harris v. State, 103 Texas Crim. Rep. 479, 281 S. W. 206; Foster v. State, 107 Texas Crim. Rep. 376, 296 S. W. 537.

After having examined all of the authorities cited by appellant and many others as well, and with the desire to be of some aid to the trial judges under the present state of our decisions on the point at issue the writer ventures the following suggestion as a comparatively safe guide for the trial judge in determining ordinarily whether an instruction on exculpatory statements should be given. The rule in Robidoux' case (supra) seems a just and fair one, but should be stated with the qualification now to be indicated. Where the defendant does *not* testify in the case, and where the State in *developing its case in chief* introduces in connection with a confession or admission of the defendant an exculpatory statement which if true would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case. Without such instruction the jury has no information which may guide them in dealing with the exculpatory statement. The State has no just ground to complain of such instruction, for as heretofore pointed out, the State is not required to introduce the exculpatory statement, but having done so the jury should know how to deal with it, and the jury receives no information upon that subject even though the defensive issue raised by the exculpatory statement is submitted. What has been said can not be taken as an invariable rule, but it may partly aid the situation.

In support of its motion the State relies in part upon Trevino v. State, 48 Texas Crim. Rep. 208, 87 S. W. 1162, and Dixon v. State, 128 Texas Crim. Rep. 584, 83 S. W. (2d) 328. The opinion in Trevino's case demonstrates that the State was not relying on any confession. It is plainly stated that not a criminative fact was contained in the statement of accused. Furthermore, he testified as a witness and the confession was introduced to impeach him. In Dixon's case accused made contradictory statements, claiming in one that he purchased the stolen animal from a named party and in a subsequent statement claimed that he purchased it from an entirely different party. The State was not relying on the confession. Dixon was found in possession of the stolen animal, and the State proved his contradictory statements to show that he was falsifying about the whole matter.

In the present case the State proved that some one stored in an ice house a hind quarter of meat claimed by the State to have come from the stolen animal. The manager of the ice plant declined to positively identify appellant as the party who stored the meat. He went no further than to say that in his best judgment appellant was the party. Other circumstances were proven from which the jury might have been justified in concluding that appellant was also connected with other parts of the stolen animal. With the case in the condition indicated, lacking positive identification of appellant, the State in making out its case in chief introduced appellant's confession to show that he was the party who stored the quarter of meat in the ice house, thereby placing him in possession of a part of the meat from a recently stolen animal, but in connection with his confession appellant said he and his brother had bought the meat in question, which exculpatory statement was also put in evidence by the State. Under the facts we believe the jury should have been told how to deal with the exculpatory statement, and are still of opinion that our original disposition of the case was correct.

The State's motion for rehearing is overruled.