## HARVIE McDANIEL v. THE STATE.

No. 21985. Delivered May 6, 1942.

The opinion states the case.

*Robert D. Peterson,* of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Upon original submission no brief for appellant was presented; neither was there an oral argument. In his motion for rehearing certain things are called to our attention which escaped us when considering the case originally.

The indictment was not returned until August 28, 1940. It charged by proper averments that appellant stole sixty dollars from Lennie Krumnow about the 1st day of August, 1937. Krumnow testified that sometime in August, 1937, he and Ernest Radle, with their wives, went to the falls on the Brazos River to fish and swim; that he put $64.00 of his own money and three dollars of his wife's money in the *glove compartment* of his car, which was a *coupe,* and that Radle also put his money in said *glove compartment* in his (Krumnow's) coupe and the doors were locked; that they left their clothes in Radle's car which was a sedan; that all the parties then went to the river to fish and swim; that upon returning to the cars some one and a half hours later he found "the glass broken out of the coupe and the door pulled open." (It will be noted here that Krumnow did not say what glass was broken, but an officer to whom the theft was reported and who saw the car immediately after the theft testified that it was the "left glass" which was broken.) Krumnow further testified that his money, his wife's money and that which Radle had placed in the glove compartment had all been taken by someone. Radle did not testify on the trial and if anything was taken from his car the record fails to show it. An officer testified that on the night of the 21st day of July, 1940—which was practically three years after Krumnow's car was broken into—he drove to the

City Park in Marlin and parked his car and got in the back seat; that appellant came up to the car and the officer jumped out and appellant ran. The officer fired six shots at appellant, one hitting him in the shoulder. Appellant escaped at the time but was soon arrested at his father's house. The next morning he made a written confession which the State introduced in evidence. Up to that time the State had wholly failed in any way to connect appellant with the offense charged, to-wit: the theft of more than $60.00 from Krumnow. The State had established that a theft had been committed by someone. In the attempt to fix the crime upon appellant the State was compelled to introduce his confession. It is not a case where the confession was introduced by the State to contradict or impeach appellant, or where it appears that the confession was not relied on to convict. See Gibson v. State, 53 Tex. Cr. R. 349, 110 S. W. 41; Otts v. State, 135 Tex. Cr. R. 28, 116 S. W. (2d) 1084. The State here introduced the confession in developing its case in chief, and without which it had no semblance of a case against appellant. Having so used the confession the State vouched for the truth of the statement therein contained. The confession, omitting the immaterial parts, follows "* * * Sometime during August, 1937 * * * I went down to the river at the Falls on the Brazos. I hid in the high weeds there * * * and waited until two cars drove up and parked close to where I was hiding. They got out of the cars; *they were coupes,* and went on to the river to fish, at least that is what I thought they were going to do. Anyway, I picked up a big rock and broke out the *windshield* of one of the cars, and got a billfold out of the *pants pocket* and took out $28.00 in five and one dollar bills. I did not have to break out the glass in the *other coupe.*" He further said in his confession that the night before he made it he was trying to "crawl up" on a car when a man jumped out and shot him (appellant).

Appellant was placed on the witness stand and at first repudiated the confession, but on cross examination admitted that he broke into a car and took $28.00 from a billfold, but steadfastly denied that he got more than that amount.

Krumnow did not know who broke into his car and stole the money from the glove compartment, and appellant did not know from whom he stole $28.00 out of a billfold taken from a pants pocket. The testimony of appellant in no way aided the confession introduced by the State.

The proposition is too well settled to need citation of authorities that when it is shown that the crime charged has been committed by someone, the confession of one accused that he committed the offense charged is sufficient, but to be sufficient the confession must be unequivocal as to the crime charged, and the commission of which by someone has been shown.

The State here vouches for the truth of appellant's confession, as well as for the truth of Krumnow's testimony. If they are both true they do not relate to the same transaction. Appellant's confession is inculpatory to the extent that it admits the theft from somebody of $28.00 out of a billfold taken from the pocket of some pants in a coupe entered by breaking the windshield; but appellant was not charged with that offense. The State alleged and proved the theft of more than $60.00 taken from the glove compartment of Krumnow's coupe which was entered by breaking the glass in the left door. Appellant's confession was exculpatory as against the theft charged and proven by the State. The State being forced to the extremity of introducing the confession in an attempt to connect appellant with the theft charged is bound by the exculpatory statements in the confession, unless they are shown to be untrue by other evidence. See Otts v. State, 135 Tex. Cr. R. 28, 116 S. W. (2d) 1084. Such other evidence is not to be found in the record before us. It is not a case of conflicting testimony where the jury may accept either theory, but a case where the State vouches for the truth of contradictory evidence which defeats the State's case.

Appellant is in an uneviable position surely. He admits being a thief in an offense for which he was not upon trial, and further that he was intending to steal again from the officer's car the night he was shot, but the State has failed to make out a case against him upon the charge of stealing Krumnow's money. The two transactions have about only one thing in common, that is, they both occurred at a falls on the Brazos River in the month of August, 1937. In the face of the contradictions it is beyond our province to assume against appellant that only one car was rifled at the falls during said month.

The motion for rehearing is granted, the opinion of affirmance is withdrawn and the judgment of the trial court is now reversed and the cause remanded.